# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| KENNETH BROWN | ) |
| Plaintiff, | ) |
| v. | ) NO. 1:17-cv-00021 |
| | ) JUDGE CRENSHAW |
| CORRECTIONS CORPORATION OF AMERICA, et al. | ) |
| Defendants. | ) |

## MEMORANDUM

The Plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center (SCCC) in Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Corrections Corporation of America; Cherry Lindamood, Warden at SCCC; and six members of the Warden's staff; seeking injunctive relief and damages.

On March 16, 2016, two unknown assailants attacked the Plaintiff in the laundry room of his housing unit at SCCC. He was stabbed four times in the back and chest. When the assailants fled, the Plaintiff was able to get to his feet and call for help.

Officer John Doe, who was on duty in the housing unit, immediately called to report the attack and get medical help for the Plaintiff. When no medical help was forthcoming, the Plaintiff walked about fifty yards to the infirmary. The Plaintiff was taken by helicopter to Vanderbilt University Hospital where he was rushed into surgery.

Five days after the attack, the Plaintiff was returned to SCCC. He completed his recovery in a medical ward at the prison. Following his recovery, the Plaintiff was placed in a segregation unit

1

under protective custody where he has remained for a year.

A week before the attack, the Plaintiff was involved in a fight with another inmate. The pair spent a week in punitive segregation and were then released back into the general prison population. The Plaintiff believes that it was this inmate who was responsible in some way for the assault upon him.

The Plaintiff's claims are as follows : (1) that Officer John Doe was negligent in his duty to protect the Plaintiff because, at the time of the attack, "he was engaged in conversation with other inmates" and was "clueless and oblivious to the attack"; (2) that Ronnie White and Ms. Harris, as Managers of his housing unit, failed to properly supervise their staff; (3) that Nurse Jane Doe should have responded to his need for medical care while he was still in his housing unit;[1] (4) that the disciplinary hearing officers, DHO Gena Gonzales and DHO Peaveyhouse, knowingly exposed the Plaintiff to danger by releasing him into the general prison population with the inmate that he had fought with him earlier; and (5) that he had been exposed to the highly restrictive conditions of protective custody without the benefit of due process.

To establish a claim under 42 U.S.C. § 1983, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The defendants have a constitutional duty to protect the Plaintiff from the harmful conduct of fellow inmates. Ingraham v. Wright, 430 U.S. 651 (1987)(Fourteenth Amendment); Stewart v. Love, 696 F.2d 43, 44 (6th Cir.1982)(Eighth Amendment). Thus, a constitutional violation occurs

---

[1] The Plaintiff asserts that Nurse Jane Doe represents the "SCCF medical employees as a whole".

when a prison official has been deliberately indifferent to the Plaintiff's risk of injury. McGhee v. Foltz, 852 F.2d 876, 880-881 (6th Cir.1988).

In this case, there are no allegations suggesting that Officer John Doe was deliberately indifferent to the Plaintiff's safety. At best, the Plaintiff merely claims that this defendant was negligent in his duties. A claim of negligence, however, does not rise to the level of a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 475 U.S. 312, 319 (1986)(Eighth Amendment); Daniels v. Williams, 474 U.S. 327, 333 (1986)(Fourteenth Amendment). Therefore, even though Officer John Doe may have been negligent in some way, his failure to provide the Plaintiff with absolute safety from other combative prisoners does not state a constitutional violation.

The Plaintiff also brings this action against the Corrections Corporation of America, Warden Lindamood, Ronnie White and Ms. Harris, for their failure as employers or supervisors, to properly monitor staff.

The plaintiff can not sue these defendants solely because of their status as supervisors or employers. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the Complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this instance, there has been no showing that the defendants participated, either directly or indirectly, in the attack upon the Plaintiff, his subsequent medical care, the decision to keep him

in protective custody, or the decision to release an incompatible inmate out into the general prison population with the Plaintiff. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir.1991). As a consequence, the Plaintiff has failed to state an actionable claim against these defendants.

The Plaintiff believes that the disciplinary hearing officers, Gena Gonzales and Officer Peaveyhouse, knowingly placed his life in jeopardy by allowing an incompatible inmate to be released with him into the general prison population. First, there are no plausible facts alleged that the incompatible inmate was the individual who orchestrated the assault upon the Plaintiff. His unconfirmed belief is inadequate. Second, the Plaintiff is assuming that these defendants were responsible for classifying the incompatible inmate and assigning him to a particular housing unit, which is speculative at best. Finally, the Plaintiff admits that the incompatible inmate was assigned to another housing unit in another building. He was not, therefore, housed with an incompatible inmate. From this, it does not appear that Gonzales and Peaveyhouse placed the Plaintiff's life in danger.

Plaintiff's next claim seems to be a challenge to the medical care he received, because Nurse Jane Doe did not come to the housing unit to assist him after the attack.

The Eighth Amendment prohibits cruel and unusual punishment. *See* Wilson v. Seiter, 501 U.S. 294 (1991). Under the holding of Estelle v. Gamble, 429 U.S. 97,104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' .... proscribed by the Eighth Amendment." However, not every claim by a prisoner that he has not received adequate medical care states a violation of the Eighth Amendment. *Id.* 429 U.S. at

4

105. To state a cognizable medical claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id.*

Clearly, the Plaintiff did receive medical care for his wounds. He was flown to a hospital for surgery where he remained for five days. When he was returned to SCCC, he was allowed to recover in a medical ward. The fact that he was forced to walk to the infirmary without a nurse at his side does not suggest that the medical staff at the prison was deliberately indifferent to his plight. Therefore, this claim is also insufficient to warrant relief under § 1983.

The Plaintiff's final claim is that he has been forced for a year to endure the restrictive conditions of protective custody without due process. To state a claim for a procedural due process violation, the Plaintiff must show that he had a protected liberty or property interest, and that the defendants deprived him of that interest without due process. Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999).

In the prison context, protected liberty interests are limited to freedom from conditions that "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life". Sandin v. Conner, 515 U.S. 472, 484 (1995). The conditions of Plaintiff's confinement in protective custody do not rise to that level. *See* Bradley v. Evans, 2000 WL 1277229 at pgs. 5-7 (6th Cir.; 8/23/00)(holding that 14 months in administrative segregation was not an atypical and significant hardship). The decision to house the Plaintiff in protective custody is with good reason and justified, particularly in light of the attack on the Plaintiff and the defendants' duty to ensure his safety. Thus, Plaintiff's allegations regarding protective custody are insufficient to state a claim for § 1983 relief.

In the absence of a constitutional violation, the Plaintiff is unable to prove every element of his cause of action. He has failed, therefore, to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE